267 N.J. Super. 596 (1993)
632 A.2d 537
STATE OF NEW JERSEY IN THE INTEREST OF H.N., A JUVENILE.
Superior Court of New Jersey, Appellate Division.
Submitted September 15, 1993.
Decided October 27, 1993.
*597 Before Judges KING, HAVEY and ARNOLD M. STEIN.
McGimpsey & Cafferty, attorneys for appellant-intervenor The Home News Publishing Company (Arlene M. Turinchak and Thomas J. Cafferty on the brief; Ms. Turinchak on the letter reply brief).
Zulima V. Farber, Public Defender, attorney for respondent juvenile (Maria Del Valle Koch on the brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
Plaintiff, the publisher of The Home News, a newspaper widely circulated in Middlesex County, appeals from the following amended order of the Chancery Division, Family Part:

*598 [T]he electronic media or any form of publication, including, but not limited to, newspapers, television and radio are hereby enjoined from further dissemination and or use of any identifying facts, information including, but not limited to, use of name, address, date of birth, photos, and any other identifying data in accordance with rule 5:19-2 concerning H.N., a juvenile.
H.N., a sixteen-year-old juvenile, was charged with scalding her two-month-old nephew to death while bathing him, conduct which the State says would constitute aggravated manslaughter and endangering the welfare of a child if committed by an adult.
Following the incident, The Home News published a number of articles containing the juvenile's name, the names of her dead nephew and other family members, and the specific address of the family's apartment. The articles also provided further background information about the family, including the fact that the baby's mother was serving a thirty-day sentence for shoplifting and that the juvenile had received classes in parenting skills following the birth of her own one-month-old daughter. H.N.'s full name and other identifying factors, together with much of the other information obtained by The Home News, was disclosed at a press conference conducted by the Middlesex County Prosecutor's Office. Additional information was later obtained from the prosecutor's office as well as from other law enforcement officials.
The Family Part judge entered the order containing the above non-disclosure provision following application by H.N.'s attorney, the Deputy Public Defender for Middlesex County.
The judge relied primarily upon N.J.S.A. 2A:4A-60. Subsection a. of that statute provides:
Social, medical, psychological, legal and other records of the court and probation department, and records of law enforcement agencies, pertaining to juveniles charged as a delinquent ... shall be strictly safeguarded from public inspection.
The statute thereafter sets forth a number of persons and agencies to whom these otherwise confidential records may be made available.
Subsection f. provides:
Whoever, except as provided by law, knowingly discloses, publishes, receives, or makes use of or knowingly permits the unauthorized use of information concerning *599 a particular juvenile derived from records listed in subsection a. or acquired in the course of court proceedings, probation, or police duties, shall, upon conviction thereof, be guilty of a disorderly persons offense.
The non-disclosure order was overly broad. The Home News obtained its information at press conferences and from other disclosures made by the Middlesex County Prosecutor's Office and other law enforcement officials, not from records protected by N.J.S.A. 2A:4A-60. Because the newspaper lawfully obtained information about a matter of public significance, its dissemination is protected by the free speech-free press provisions of the federal and state constitutions. U.S. Const. amends. I and XIV; N.J. Const. art. I, ¶ 6; Smith v. Daily Mail Publishing Co., 443 U.S. 97, 104-06, 99 S.Ct. 2667, 2671-72, 61 L.Ed.2d 399, 405-06 (1979) (state cannot punish or bar truthful publication of alleged juvenile delinquent's name lawfully obtained by a newspaper from the police). The published information was obtained from a source other than statutorily-protected records and the judge had no authority to enjoin its further republication. Once the information was disclosed, there was no public interest to be served by barring further publication. Oklahoma Publishing Co. v. District Court, 430 U.S. 308, 311, 97 S.Ct. 1045, 1047, 51 L.Ed.2d 355, 358-59 (1977) (pretrial order of juvenile court invalidated which prohibited media from publishing juvenile's name and pictures that had been obtained in prior public court proceedings); Application of VV Publishing Corp., 120 N.J. 508, 518-19, 577 A.2d 412 (1990).
Reversed. The order of the Family Part is vacated insofar as it enjoins the news media from publishing the name, address and other identifying information about H.N. which has been lawfully obtained from sources other than those protected from disclosure by N.J.S.A. 2A:4A-60. Remanded for further proceedings consistent with this opinion.